NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Johny DIMANCHE, <br><br> Petitioner, <br><br> v. <br><br> Yvette TAY-TAYLOR, et al., <br><br> Respondents. | Civ. No. 12-3831 <br><br> MEMORANDUM OPINION & ORDER |

THOMPSON, J.

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which Petitioner, Johny Dimanche, challenges his pre-removal-period mandatory detention, pursuant to 8 U.S.C. § 1226(c) by way of an Order to Show Cause [docket #1]. Petitioner is presently in the custody of the Department of Homeland Security ("DHS") at the Monmouth County Correctional Institution in Freehold, New Jersey.  The Court has reviewed the parties' written submissions, heard oral arguments on July 25, 2012, and for the reasons set forth below holds that Petitioner is entitled to a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)(2) to determine if he is a flight risk or danger to the community.

I. Background

Petitioner is a native and citizen of Haiti.  Petitioner immigrated to the United States in1971 as a lawful permanent resident.  On or about April 19, 1991, Petitioner was convicted in the Superior Court of California, County of Mendocino, for unlawful sexual intercourse with a female under 18 years in violation of California Penal Code § 261.5. (Pet'r's Ex. A, Notice to Appear).  On June 2, 2006, Petitioner was subsequently convicted, in the Superior Court, County

1

of Fairfield, Connecticut, of: (1) two counts of forgery in the second degree in violation of Connecticut State Penal Law § 53a-139; (2) five counts of credit card forgery in violation of Connecticut State Penal Law § 53a-128(c)(f); and (3) interfering with an officer in violation of Connecticut State Penal Law § 53a-167(a). (*Id.*). Following these convictions, Petitioner was sentenced to a period of four years of incarceration. Petitioner's sentence was suspended after 225 days. (Pet'r's Mem. at 2). On or about February 1, 2007, Petitioner was released from incarceration. (*Id.*).

On May 22, 2012, Petitioner was issued a Notice to Appear and taken into DHS custody. (*Id.*; Pet'r at 1). The Notice to Appear charged Petitioner with two grounds of removability: (1) under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony for sexual abuse of a minor; and (2) under 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. *See* (Pet'r Ex. A, Notice to Appear). On June 23, 2012 Petitioner filed the instant Petition for a Writ of Habeas Corpus challenging his detention.

II.   Discussion

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Accordingly, this Court has subject matter jurisdiction over the Petition under § 2241 because petitioner was detained within its jurisdiction

in the custody of DHS at the time he filed his petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and because he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and therefore violates his due process rights, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Bonhometre v. Gonzales*, 414 F.3d 442, 445–46 (3d Cir. 2005).

      B. Statutory Authority for Petitioner's Detention

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) based on the 2006 convictions because DHS did not immediately place him into custody when he was released about 5 years ago from criminal incarceration.  Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General shall take into custody "any alien who . . . (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, . . . *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1)(B) (emphasis added).  Petitioner argues that district courts have interpreted the term "when . . . released" under Section 1226(c) to mean that DHS is required to immediately detain an alien upon release from criminal incarceration.  Respondents, however, argue that the language "when . . . released" is ambiguous on this issue, and under a *Chevron* analysis, *see Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), this Court should defer to the Board of Immigration Appeals' ("BIA") interpretation of this language as decided in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001).  In the *Matter of Rojas*, the BIA held that ICE has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole. 23 I. & N. Dec. 117 at 122.  Accordingly, Respondents argue that the Petitioner is

subject to mandatory detention based on his past violation of an enumerated offense in Section 1226(c) even though he was released from incarceration for that offense five years ago.

The proper statutory authority governing Petitioner's detention depends on interpretation of "when . . . released" under Section 1226(c). Although the courts within this District have reached varying conclusions on the question of whether Section 1226(c) should apply to aliens who have been released for many years for those offenses enumerated in the statute, the vast majority of courts have held the statutory language, "when . . . released," is not ambiguous and the plain meaning of this language is that "when" means "immediately" after release from incarceration. *See Nunez v. Elwood,* No. 12–1488, 2012 WL 1183701, at *3 (D.N.J. April 9, 2012); *Parfait v. Holder*, No. 11–4877, 2011 WL 4829391, at *9 (D.N.J. Oct. 11, 2011); *see also Christie v. El–Wood*, No. 11–7070, 2012 WL 266454 (D.N.J. Jan. 30, 2012); *Beckford v. Aviles*, No. 10–2035, 2011 WL 3515933 (D.N.J. Aug. 9, 2011); *Sylvain v. Holder*, No. 11–3006, 2011 WL 2580506 (D.N.J. June 28, 2011). *But see Diaz v. Muller*, No. 11–4029, 2011 WL 3422856 (D.N.J. Aug. 4, 2011) (finding the statutory language ambiguous, and following BIA's interpretation of the statute); *Espinoza-Loor v. Holder*, No. 11–6993, 2012 WL 2951642 (D.N.J. July 2, 2012) (same). To reach the conclusion that those detainees who were not immediately detained should be afforded individualized bond hearings, district courts have relied on the first prong of the *Chevron* analysis. Under the first prong of a *Chevron* analysis, "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842–43. Thus, these district courts have held that it was Congress' clear intent for "when . . . released" to mean immediately upon release. Therefore, these courts reason, reading the statutory language to mean "any time after" release would be contrary to Congressional intent as Congress could have

expressly required custody "at any time after" or "regardless of when the alien is released." *See Parfait*, 2011 WL 4829391, at *5 (quoting *Alwaday v. Beebe*, 43 F. Supp. 2d 1130, 1133 (D.Or.1999).  Because these district courts have interpreted § 1226(c) to have a plain meaning, they have declined to defer to the BIA's interpretation that "when" essentially means "any time after" release.   Although this Court does not presume to divine Congressional intent, the Court finds that under these circumstances where Petitioner is being detained by DHS five years after his release for an enumerated offense under Section 1227(a)(2)(B)(I),  an individualized bond hearing is appropriate.  Consequently, the Court shall order such relief.

    III.    Conclusion

For the reasons set forth above, it is on this 8th day of August, 2012,

ORDERED that the a Writ of Habeas Corpus under 28 U.S.C. § 2241 is GRANTED; and it is further

ORDERED that an Immigration Judge must provide Petitioner, Johny Dimanche, with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2).

       */s/ Anne E. Thompson*
       ANNE E. THOMPSON, U.S.D.J.